IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MAMMOTH PRODUCTIONS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cv-0211 ) ) |
| MAMMOTH CREATIVE CO., LLC and MAMMOTH SPORTS CONSTRUCTION, LLC, | ) ) ) |
| Defendants. | |

**COMPLAINT**

Mammoth Productions, LLC ("Plaintiff"), by and through its undersigned counsel of record, brings this action against Mammoth Creative, Co. and Mammoth Sports Construction, LLC, ("Defendants") alleging as follows:

**INTRODUCTION**

1. In this action, Plaintiff seeks preliminary and permanent injunctive relief and monetary damages for Defendants' acts of trademark and/or service mark infringement, unfair competition, and dilution. This action arises under the Trademark Act of 1946, 15 U.S.C. §1125(a) (the "Lanham Act"), Mo. Rev. Stat § 417.061, and the common law of the state of Missouri.

2. Plaintiff is the owner of the common law standard character marks MAMMOTH and MAMMOTH PRODUCTIONS (the "MAMMOTH Word Marks") and a common law design mark (the "Mammoth Design Mark") depicted below (collectively, the "MAMMOTH Marks").

3. Plaintiff has used the MAMMOTH Marks both individually and collectively in commerce to promote its multimedia production and marketing services.

4. Defendants have used and continue to use confusingly similar marks (the "Accused Marks," described below) in connection with the sale, offer for sale, marketing, advertising, and

1

promotion of multimedia production and marketing services in violation of Plaintiff's rights in the MAMMOTH Marks for the same or related services. Defendants have done so with knowledge of Plaintiff's MAMMOTH Marks and in willful violation of the same.



5. As a result of Defendants' unlawful acts, Plaintiff has suffered, is suffering, and unless the Court preliminarily and permanently enjoins these unlawful acts, will continue to suffer immediate and irreparable injury to its business, reputation, and goodwill for which there is no adequate remedy at law. Plaintiff is therefore entitled to preliminary and permanent injunctive relief, as well as monetary damages, costs, and attorney's fees, as detailed below.

**PARTIES**

6. Plaintiff is a Missouri company with its principal place of business at 13 V Street, Lake Lotawana, MO 64086.

7. Defendant Mammoth Creative Co., LLC is a Kansas company with a principal place of business at 601 E Wyandotte St, Meriden, KS 66512.

8. Defendant Mammoth Sports Construction, LLC is a Kansas company with a principal place of business at 601 E Wyandotte St, Meriden, KS 66512.

2

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338, and 1367(a). The Court has original subject matter jurisdiction over Count I under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental subject matter jurisdiction over Counts II, III, and IV under 28 U.S.C. § 1367(a) because these claims are so related to Count I, over which the Court has original subject matter jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

10. Defendants are subject to this Court's specific and general personal jurisdiction under the principles of due process and/or the Missouri long-arm statute, Mo. Rev. Stat. § 506.500, because Defendants committed the wrongful acts identified in this Complaint in this District in the state of Missouri, and regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from the sale of services to persons and/or entities in this District and the state of Missouri.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because Defendants are subject to personal jurisdiction in this district.

## BACKGROUND

**Plaintiff and the MAMMOTH Marks**

12. Plaintiff is a well-known and successful full-service multimedia production and marketing company that was founded by Trevor Hawkins in 2010.

13. Plaintiff offers its clients a suite of services including video production, photography, animation and motion graphics, and associated design, marketing, and branding services.

14. Plaintiff is especially well-known for its video production services, and during its more than decade of operation has created feature films, television shows, promotional videos, documentaries, and television commercials, among many other projects.

15. Plaintiff's clients are some of the largest and most successful companies in the region, nation, and world. Plaintiff has partnered with National Geographic, ESPN, McDonald's, and Boulevard Brewing Company, among many others, for multimedia production and/or marketing services.

16. Since at least 2010, Plaintiff has marketed its services through its website, [www.mammothmedia.tv](www.mammothmedia.tv), and through its social media channels, including Vimeo, Facebook, Instagram, and YouTube. Plaintiff has prominently displayed the MAMMOTH Marks on each of these promotional outlets.

17. Plaintiff has expended substantial effort and resources in marketing, advertising, and promoting its multimedia production and marketing services under the MAMMOTH Marks in Missouri, throughout the United States, and internationally.

18. The MAMMOTH Word Marks are arbitrary in that their dominant component—the word "mammoth"—has a meaning that has no direct relation to Plaintiff's services. As a result, the MAMMOTH Word Marks are inherently distinctive identifiers of Plaintiff and its services.

19. At the very least, because of Plaintiff's extensive and continuous use of the MAMMOTH Word Marks to promote its multimedia production and marketing services in

Missouri, the United States, and internationally for over a decade, the MAMMOTH Word Marks have acquired secondary meaning as distinctive identifiers of Plaintiff and its services.

20. As a result of Plaintiff's extensive and continuous use and promotion of the MAMMOTH Marks in connection with its multimedia production and marketing services throughout Missouri, the United States, and internationally for over a decade, the MAMMOTH Marks have become well and favorably known to consumers as associated with Plaintiff, its services, and its widespread recognition and reputation as a leader in the multimedia production and marketing industry. Plaintiff has therefore established substantial goodwill in the MAMMOTH Marks, which have become valuable assets of Plaintiff.

21. For all these reasons, Plaintiff has established significant common law rights in the MAMMOTH Marks throughout the United States, including Missouri.

**Defendants and the Accused Marks**

22. Nearly a decade after Plaintiff began using the MAMMOTH Marks in commerce in connection with its multimedia production and marketing services, Defendants began using the nearly identical Accused Marks in connection with their own multimedia production and marketing services.

23. Upon information and belief, Defendant Mammoth Sports Construction LLC began as a company called "Kansas Turf, LLC" focused on installing sod and synthetic athletic field surfaces. The company rebranded to "Mammoth Sports Construction" in 2019.

24. Upon information and belief, Defendant Mammoth Sports Construction acquired a Topeka-based marketing agency called the "Bajillion Agency" in 2021. As part of the acquisition, the Bajillion Agency rebranded under the name "Mammoth Creative Co.," which then operated as a division of Mammoth Sports Construction.

25. Around the same time, Defendant Mammoth Sports Construction LLC began offering multimedia production and marketing services under the Accused Marks, described below, to its clients through its Mammoth Creative Co. division.

26. The Accused Marks used in connection with Defendants' multimedia production and marketing services include at least the standard character marks "MAMMOTH," "MAMMOTH PRODUCTIONS," "MAMMOTH CREATIVE," "MAMMOTH CONSTRUCTION," "MAMMOTH SPORTS CONSTRUCTION," a stylized "elephant" design mark, and various other combinations of the foregoing.

27. The Accused Marks are identical in appearance, sound, meaning, and commercial impression when compared to Plaintiff's Mammoth Marks, as the dominant component of both parties' marks—the word "mammoth"—is the same.

28. Additionally, some versions of the Accused Marks incorporate an "elephant" design mark that is confusingly similar to Plaintiff's own stylized "elephant" logo.

29. Defendants offer customers services under the Accused Marks that are substantially similar to the services offered by Plaintiff. For example, Defendants' website, www.mammothcreated.com advertises services in the categories of "Branding," "Strategy," "Film," "Digital Platforms," and "Public Relations."

30. In addition to the website, Defendants also advertises their services under the Accused Marks on social media platforms, including Instagram, LinkedIn, Facebook, and Vimeo.

31. Upon information and belief, Defendants have or are planning to open a new physical office in the Kansas City, Mo. metropolitan area—the exact same region that Plaintiff considers to be its home market.

6

32. Defendant Mammoth Sports Construction LLC has recently sought to register certain of the Accused Marks with the United States Patent and Trademark Office in connection with its multimedia production and marketing services. Two of the Accused Marks are reflected in U.S. Application Serial No. 97219880 (for the MAMMOTH word mark) and U.S. Registration No. 6979136 (for the "elephant" design mark).

33. The application and registration for the Accused Marks make clear that the parties' services overlap. On January 14, 2022, Defendant Mammoth Sports Construction LLC filed U.S. Application Serial No. 97219888 (for the "elephant" design mark), that would eventually mature into U.S. Registration No. 6979136, claiming a date of first use as August 1, 2019, and claiming the following services in Class 35:

> development of marketing strategies, concepts and tactics, namely, audience development, brand awareness, online community building and digital word of mouth communications; brand concept and brand development services for corporate and individual clients; development of advertising concepts; providing marketing consulting in the field of social media; preparing advertisements for others; marketing plan development

34. The services described above are essentially identical to the services that Plaintiff offers to its clients.

35. On January 14, 2022, Defendant Mammoth Sports Construction LLC filed U.S. Application Serial No. 97219880 (for the MAMMOTH word mark) claiming a date of first use of August 1, 2021, and claiming an identical set of services in Class 35 as reflected in its other application, described above.[1]

---

[1] This application is still pending. In an Office Action dated October 25, 2022, the examiner assigned to this application refused registration based on a likelihood of confusion with a third-party mark in Class 37.

36. Defendants' use of one or more of the Accused Marks in commerce in connection with their multimedia production and marketing services has caused, and unless enjoined by the Court, is likely to continue to cause confusion (including post-sale confusion), mistake, and/or deception among consumers and the public as to whether some affiliation, connection, or association, exists between Plaintiff and Defendants, and/or as to the origin, sponsorship, or approval of the parties' services.

37. As a further result of Defendants' use of one or more of the Accused Marks in commerce in connection with multimedia production and marketing services, consumers familiar with Plaintiff and its services under the MAMMOTH Marks are likely to purchase and/or associate goodwill to Defendants based on the erroneous assumption that Defendants' services are provided, authorized, sponsored, or endorsed by, or in some manner associated with Plaintiff.

38. As a further result of Defendants' use of one or more of the Accused Marks in commerce in connection with multimedia production and marketing services, Plaintiff is hindered in its ability to control its goodwill and reputation, and the value of the MAMMOTH Marks as identifiers and symbols of Plaintiff's goodwill and reputation is diminished.

39. Plaintiff is aware of and has documented multiple instances of actual consumer confusion.

40. Defendants' use of one or more of the Accused Marks in commerce in connection with multimedia production and marketing services is without license or other authorization from Plaintiff.

41. The confusion, mistake, and/or deception described above has caused and, unless Defendants' use of one ore more of the Accused Marks in commerce in connection with multimedia production and marketing services is enjoined by the Court, will continue to cause

substantial and irreparable harm to Plaintiff and its business, reputation, and goodwill for which there is no adequate remedy at law.

42. Defendants received actual notice of the MAMMOTH Marks and their infringement in mid-2022, via multiple instances of written correspondence from Plaintiff and through at least one phone call.

43. Even so, Defendants have persisted in using one or more of the Accused Marks in commerce in connection with multimedia production and marketing services in commerce, and thereby has continued to infringe Plaintiff's exclusive rights in the MAMMOTH Marks and has continued to engage in trademark infringement, unfair competition, and dilution under the Lanham Act, Missouri statute, and the common law. Defendants' infringement, unfair competition, and dilution is therefore intentional, willful, and malicious.

## COUNT I
## Federal Unfair Competition – 15 U.S.C. § 1125(a)

44. Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

45. Plaintiff is the owner of the MAMMOTH Marks and has used the MAMMOTH Marks continuously in commerce since 2010 in connection with the sale, offer for sale, marketing, advertising, and promotion of its multimedia production and marketing services.

46. Since around August 2021, Defendants have used one or more of the confusingly similar Accused Marks in commerce in connection with multimedia production and marketing services willfully and in conscious disregard of Plaintiff's exclusive rights as owner of the MAMMOTH Marks.

47. Defendants' use of one or more of the confusingly similar Accused Marks in commerce in connection with multimedia production and marketing services has caused and is

likely to continue cause confusion (including post-sale confusion), mistake, and/or deception among consumers and the public as to whether some affiliation, connection, or association exists between Plaintiff and Defendants, and/or as to the origin, sponsorship, or approval of the parties' services.

48. Defendants' use of one or more of the confusingly similar Accused Marks in commerce in connection with multimedia production and marketing services constitutes unfair competition in violation of 15 U.S.C § 1125(a).

49. Defendants' unlawful acts described above have caused and, unless enjoined by the Court, will continue to cause substantial and irreparable harm to Plaintiff and its business, reputation, and goodwill for which there is no adequate remedy at law.

50. Defendants' unlawful acts described above are intentional, willful, and malicious.

51. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover, along with its actual damages, Defendants' profits, enhanced profits and damages, costs, and attorney's fees under 15 U.S.C. §§ 1116 and 1117.

## COUNT II
### Common Law Trademark Infringement

52. Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

53. Plaintiff is the owner of the MAMMOTH Marks and has used the MAMMOTH Marks continuously in commerce, including in the state of Missouri, for over a decade in connection with multimedia production and marketing services.

54. Since around August 2021, Defendants have used one or more of the confusingly similar Accused Marks in connection with multimedia production and marketing services in the

state of Missouri and elsewhere. Defendants have done so willfully and in conscious disregard of Plaintiff's exclusive rights as owner of the MAMMOTH Marks.

55. Defendants' use of one or more of the confusingly similar Accused Marks in commerce in connection with multimedia production and marketing services has caused and is likely to continue to cause confusion (including post-sale confusion), mistake, and/or deception among consumers and the public as to whether some affiliation, connection, or association exists between Plaintiff and Defendants, and/or as to the origin, sponsorship, or approval of the parties' services.

56. Defendants' use of one or more of the confusingly similar Accused Marks in commerce in connection with multimedia production and marketing services constitutes trademark and/or service mark infringement in violation of the common law of the state of Missouri.

57. Defendants' unlawful acts described above have caused, and unless enjoined by the Court, will continue to cause substantial and irreparable harm to Plaintiff and its business, reputation, and goodwill for which there is no adequate remedy at law.

58. Defendants' unlawful acts described above are intentional, willful, and malicious.

59. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover, along with its actual damages, Defendants' profits, enhanced profits and damages, costs, and attorney's fees.

## COUNT III
### Common Law Unfair Competition

60. Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

61. Plaintiff is the owner of the MAMMOTH Marks and has used the MAMMOTH Marks continuously in commerce, including in the state of Missouri, for over a decade in connection with multimedia production and marketing services.

62. Since around August 2021, Defendants have used one or more of the confusingly similar Accused Marks in connection with multimedia production and marketing services in the state of Missouri and elsewhere. Defendants have done so willfully and in conscious disregard of Plaintiff's exclusive rights as owner of the MAMMOTH Marks.

63. Defendants' use of one or more of the confusingly similar Accused Marks in commerce in connection with multimedia production and marketing services has caused and is likely to continue to cause confusion (including post-sale confusion), mistake, and/or deception among consumers and the public as to whether some affiliation, connection, or association exists between Plaintiff and Defendants, and/or as to the origin, sponsorship, or approval of the parties' services.

64. Defendants' use of one or more of the confusingly similar Accused Marks in commerce in connection with multimedia production and marketing services constitutes unfair competition in violation of the common law of the state of Missouri.

65. Defendants' unlawful acts described above have caused, and unless enjoined by the Court, will continue to cause substantial and irreparable harm to Plaintiff and its business, reputation, and goodwill for which there is no adequate remedy at law.

66. Defendants' unlawful acts described above are intentional, willful, and malicious.

67. Plaintiff is entitled to preliminary and permanent injunctive relief and to recover, along with its actual damages, Defendants' profits, enhanced profits and damages, costs, and attorney's fees.

## COUNT IV
## Missouri Trademark Dilution – Mo. Rev. Stat. § 417.061

68. Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

69. Plaintiff is the owner of the MAMMOTH Marks and has used and promoted the MAMMOTH Marks extensively and continuously in commerce, including in the state of Missouri, for over a decade in connection with the sale, offer for sale, marketing, advertising, and promotion of its multimedia production and marketing services, and the MAMMOTH Marks have thereby become well-known symbols and identifiers of Plaintiff and its services.

70. Defendants' use of one ore more of the Accused Marks in commerce in connection with multimedia production and marketing services has diluted and is likely to continue to dilute the distinctiveness of the MAMMOTH Marks by eroding the public's exclusive identification of these marks with Plaintiff, tarnishing and degrading Plaintiff's reputation and goodwill symbolized by these marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

71. Defendants' use of the Accused Marks in commerce in connection with multimedia production and marketing services constitutes trademark and/or service mark dilution in violation of Mo. Rev. Stat. § 417.061.

72. Defendants' acts described above have caused and, unless enjoined by the Court, will continue to cause substantial and irreparable harm to Plaintiff and its business, reputation, and goodwill for which there is no adequate remedy at law.

73. Defendants' unlawful acts described above are intentional, willful, and malicious.

74. Plaintiff is entitled to preliminary and permanent injunctive relief under Mo. Rev. Stat. § 417.061.

**REQUEST FOR RELIEF**

Plaintiff requests a judgment against Defendants as follows:

(a) A judgment that Defendants have engaged in unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of the state of Missouri.

(b) A judgment that Defendants have infringed the MAMMOTH Marks in violation of the common law of the state of Missouri;

(c) A judgment that Defendants have engaged in trademark and/or service mark dilution in violation of Mo. Rev. Stat. § 417.061;

(d) A preliminary and permanent injunction restraining Defendants, their officers, directors, principals, employees, agents, attorneys, representatives, affiliates, and all persons in active concert or participation with one ore more of them, from further use of the Accused Marks or any other mark that incorporates, is identical to, or is otherwise confusingly similar or dilutive of the MAMMOTH Marks—including the marks reflected in Registration No. 6979136 and Application Serial No. 97219880—in connection with multimedia production and marketing services;

(e) An award of all monetary damages to which Plaintiff is entitled by law or equity for Defendants' past and continuing infringement of the MAMMOTH Marks and past and continuing acts of unfair competition and dilution, including the greater of three times Defendants' profits or three times any damages sustained by Plaintiff on account of Defendants' acts of infringement, unfair competition, and dilution, and an order requiring a full accounting of the same;

(f) An award of Plaintiff's costs incurred in bringing and prosecuting this action;

(g) A finding that this is an exceptional case under 15 U.S.C. § 1117(a) and an award of Plaintiff's attorney's fees incurred in bringing and prosecuting this action.

(h) An assessment of pre- and post-judgment interest on the damages awarded; and

(i) Any other further relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Under Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all issues so triable.

Dated: March 29, 2022

Respectfully submitted,

LATHROP GPM LLP

*/s/ Luke Meriwether*
Luke M. Meriwether (MO Bar # 59915)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
Luke.Meriwether@lathropgpm.com

ATTORNEY FOR PLAINTIFF